UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| VIRGINIA LEE, ET AL.,<br><br>            Plaintiffs,<br>v.<br><br>ALAN BROWN, ET AL.,<br><br>            Defendants. | 3:08-CV-01206 (CSH)<br><br>**ORDER** |

HAIGHT, Senior District Judge:

Currently pending before the Court are [22] plaintiffs' third motion for an extension of time to serve the complaint on defendant Alan Brown and [23] their motion for comparable alternative service.

Addressing the latter motion, Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service on an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be accomplished by following the law of the state where the district court is located or where service is made. Under the law of Illinois, where plaintiffs seek to serve Brown, service generally must be accomplished in person or by leaving a copy of the summons at the defendant's usual place of abode with a resident of at least thirteen years of age. *See* 735 Ill. Comp. Stat. 5/2-203(a)(1)-(2) (2009). If, however, service upon an individual defendant is impacticable according the above methods, Illinois law provides that "the plaintiff may move, without notice, that the court enter an order directing a comparable method of service." 735 Ill. Comp. Stat. 5/2-203.1. The motion must be accompanied by an affidavit

> stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the

>location of the individual defendant was made and reasonable efforts to make service have been unsuccessful.

*Id*.

According to plaintiffs' motion and two supporting affidavits, two special process servers have made numerous attempts to serve Brown at his office and at the home address Brown provided at his deposition on August 25, 2006. According to the affidavits, each visit and phone call to Brown's office elicited a response from Brown's secretary, whose first name is Veronica, that he was not in the office, and attempts to serve Brown at the home address were equally unsuccessful. Brown also failed to return phone calls to arrange a time to receive service.

Plaintiff asserts that diligent inquiry has been made to locate Brown, that reasonable efforts to make service have been unsuccessful, and that Brown is evading service. The Court agrees that plaintiffs have demonstrated diligent inquiry into Brown's whereabouts and reasonable efforts to serve him, where two process servers (according to the affidavits) made eleven attempts to serve Brown. *See In re Schmitt*, 747 N.E.2d 524 (Ill. App. Ct. 2004) (plaintiff demonstrated due diligence where affidavit showed that two detective agencies were unable to serve defendant despite eleven attempts). Although plaintiff does not state that service under Section 2-203 is impracticable, like the court in *People ex rel. Waller v. Harrison*, 810 N.E.2d 589 (Ill. App. Ct. 2004), this Court finds that "it is clear from the affidavit[s] as a whole that service was impracticable because defendant could not be found."

Plaintiff requests that this Court order that service may be made upon Brown by leaving a copy of the summons and complaint with a receptionist Brown's office, located at the law firm of Neal, Gerber & Eisenberg (the other defendant in this action), and by mailing a copy of the two, first class postage prepaid, to Brown at the same office.

Whatever method of service this Court orders must comport with the requirement of due process that the service provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In the case *In re Schmitt*, the Appellate Court of Illinois held that service of an employee of a corporation owned or controlled by the defendant was sufficient, under the Due Process Clause, to convey notice to the defendant. *See In re Schmitt*, 747 N.E.2d at 527, 532-33. This Court concludes that service of Brown's receptionist at his place of business would convey sufficient notice to the defendant and is an appropriate method of service in light of plaintiffs' inability otherwise to serve him.

Plaintiffs motion for comparable alternative service is hereby granted as modified by this Order. Plaintiffs shall serve Brown by leaving a copy of the summons and complaint in this action with that employee named veronica at Brown's office, located at the law firm of Neal, Gerber & Eisenberg, and by mailing a copy of the summons and complaint, first class postage prepaid, to Brown at the same office. If there is more than one employee named Veronica, inquiry should be made to ascertain which one works for Brown.

Plaintiffs motion for an extension of time to serve the summons and complaint is also granted. Plaintiffs have until March 17, 2009 to serve Brown.

It is SO ORDERED.

Dated: New Haven, Connecticut
       February 18, 2009

                                          /s/ Charles S. Haight, Jr.
                                        SENIOR UNITED STATES DISTRICT JUDGE