UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| VIRGINIA LEE, ET AL.,<br><br>                    Plaintiffs,<br>      v.<br><br>ALAN BROWN, ET AL.,<br><br>                    Defendants. | 3:08-CV-01206 (CSH)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

HAIGHT, Senior District Judge:

Plaintiffs bring this action against Attorney Alan Brown ("Brown") and two law firms, Neal, Gerber & Eisenberg, LLP ("Neal"), and McDermott, Will & Emery, LLP ("McDermott"). Plaintiffs allege causes of action for legal malpractice/professional negligence, breach of contract, and breach of fiduciary duty arising from the creation of an estate plan by defendant Brown for one Johnson Lee and the alleged refusal of Brown to later change the estate plan at the request of Lee. Plaintiffs, children and grandchildren of Lee, claim to be beneficiaries of the estate plan or beneficiaries and potential beneficiaries of the proposed estate plan, all of whom were harmed by Brown's conduct.

Pending before the Court is a motion by McDermott to dismiss this action for lack of subject matter jurisdiction. The Complaint claims that the Court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). McDermott, however, argues that the action must be dismissed because some of McDermott's partners are citizens of the same states as plaintiffs. McDermott's motion to dismiss is unopposed. Indeed, several of the plaintiffs have filed notices with the Court stating that they would not file any opposition to the Motion to Dismiss. The notices stated: "The undersigned plaintiff(s) has not found sufficient case law to file an opposition, and a dismissal without prejudice by this Court will allow the plaintiffs to refile with a court of competent jurisdiction pursuant to the Connecticut Savings Statute, Connecticut General Statues Sec.

52-592(a), after this action has been dismissed by this Court for want of jurisdiction.

**I.  DISCUSSION**

District courts have subject matter jurisdiction based on diversity of citizenship in civil cases where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  Diversity of citizenship requires "complete diversity between all plaintiffs and all defendants," *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88 (2005), meaning that no plaintiff and no defendant are citizens of the same state.  *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998).  The party seeking to invoke diversity jurisdiction – here plaintiffs – bears the burden of demonstrating that complete diversity exists.  *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001).

**A.  Preliminary Matter**

Before considering McDermott's Motion to Dismiss, the Court finds that it must address another matter pertaining to the adequacy of plaintiffs' allegations of subject matter jurisdiction.  The complaint alleges that plaintiffs are all individuals residing in either California, Massachusetts, or Connecticut; that Brown is a resident of Illinois; that McDermott is a limited liability partnership with a principal place of business in Illinois; and that Neal is a limited liability partnership with an office in Illinois.  These statements, however, are insufficient to establish diversity of citizenship.  First, a natural person is considered to be a citizen of the state where he is domiciled, *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000), and "it is well-established that allegations of residency alone cannot establish citizenship."  *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-103 (2d Cir. 1997).[1]  This Court cannot conclude from the mere statement that a plaintiff resides in California that

---

[1] A person's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *Palazzo*, 232 F.3d at 42.

the plaintiff is domiciled in, and therefore a citizen of, California. Second, a partnership, which is not a natural person, has the citizenship of each of its partners. *Herrick*, 251 F.3d at 322. This is true also of limited liability partnerships. *See Mudge Rose Guthrie Alexander & Ferndon v. Pickett*, 11 F. Supp. 2d 449 (S.D.N.Y. 1998). Consequently, plaintiffs' statements that McDermott's principal place of business is in Illinois and that Neal has an office in Illinois do not suffice to establish the citizenship of those two entities.

In light of the foregoing, the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires pleadings to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." *Canedy*, 126 F.3d at 103. However, "[a] failure to allege facts establishing jurisdiction need not prove fatal to a complaint." *Id.* By statute, "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; *Canedy*, 126 F.3d at 103. Such amendments are to be "freely permitted where necessary to avoid dismissal on purely technical grounds." *Canedy*, 126 F.3d at 103. Therefore, "[u]nless the record clearly indicates that the complaint could not be saved by any truthful amendment," a court should afford an opportunity for amendment. *Id.* Here, there is no indication that the complaint could not be saved by truthful amendment of the allegations of jurisdiction. Accordingly, as laid out at the end of this Memorandum Opinion and Order, plaintiffs will be given an opportunity to amend the complaint.

  **B.**  **McDermott Motion to Dismiss**

In moving to dismiss this action for lack of subject matter jurisdiction, McDermott claims that a number of its partners are domiciled in, and thus citizens of, the same states of which plaintiffs claim to be "residents" – California, Massachusetts, and Connecticut. The declaration of Alan M. Rutkoff indicates that 41 of McDermott's partners work at the firm's office in Boston,

Massachusetts, and that at least 104 of its partners work at one of the firm's California offices. According to the declaration, all or substantially all of the partners who work at these offices are domiciled in the state wherein their office is located. Although McDermott apparently has no office in Connecticut, the declaration of Christopher H. Paul asserts that its author, a partner at McDermott's New York office, resides in Connecticut. While claims of residence are insufficient to establish one's domicile, Paul's statements that he lives with his wife and children in Connecticut, maintains no other residence, and intends to remain at his Connecticut residence indefinitely suffice to establish it as his domicile. *See Universal Reinsurance Company, Ltd. v. St. Paul Fire and Marine Insurance Company*, 224 F.3d 139, 141 (2d Cir. 2000) ("[E]stablishing one's domicile in a state generally requires both physical presence there and intent to stay."); *Palazzo*, 232 F.3d at 42 ("Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.") (internal quotation marks and citation omitted).

If plaintiffs are indeed citizens of the states in which they claim to reside, then a number of McDermott's partners are citizens of the same states and complete diversity is lacking in this action. However, given that a person may have several residences though only one domicile, *Rosario v. INS*, 962 F.2d 220, 224 (2d Cir.1992), it is possible that those plaintiffs who claim to reside in California, Massachusetts, and Connecticut, are actually citizens of other states and would so plead if given an opportunity to amend the complaint. Moreover, even if there is overlap between the citizenship of some of the plaintiffs and some of McDermott's partners, it does not follow that the entire action must be dismissed for lack of subject matter jurisdiction. Under Fed. R. Civ. P. 21, a district court have the power to dismiss nondiverse dispensable parties to preserve diversity jurisdiction. *Kafaru v. Burrows*, 2008 U.S. Dist. LEXIS 1797, *4 (D. Conn. 2008)*; See Newman-Green, Inc. v. Alfonzo-*

*Larrain*, 490 U.S. 826, 832 (1989).[2]  McDermott appears to be a dispensable party.

## II.     CONCLUSION

In light of the foregoing, the Court concludes that plaintiffs should be afforded an opportunity to amend the complaint to adequately plead subject matter jurisdiction by (1) stating plaintiffs' "citizenship," (2) stating to the best of plaintiffs' knowledge the citizenship of defendants Brown, McDermott, and Neal, and (3) if necessary, dropping one or more defendants to preserve diversity jurisdiction.  However, given plaintiffs' failure to oppose McDermott's motion to dismiss this action in its entirety and their apparent wish that the action be dismissed, without prejudice, so that they may "refile with a court of competent jurisdiction," the Court hereby GRANTS McDermott's motion to dismiss the Complaint without prejudice on the merits.  The dismissal is also without prejudice to plaintiffs filing a new action in this Court if they can adequately plead subject matter jurisdiction.

The Clerk is directed to close the case.

It is SO ORDERED.

Dated: New Haven, Connecticut
            September 25, 2009

                                                                    */s/ Charles S. Haight, Jr.*
                                                            Charles S. Haight, Jr.
                                                            Senior United States District Judge

---

[2] Rule 21 reads: "On motion or on its own, the court may at any time, on just terms, add or drop a party."